# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

Patricia P.,

Plaintiff,

v.

Kilolo Kijakazi,

Defendant.

Case No. 2:22-cv-00870-BNW

**ORDER**

Currently before the Court is Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). ECF No. 27. Defendant responded. ECF No. 29. No reply is needed for this Court to decide this motion. For the reasons set forth below, Plaintiff's motion is GRANTED.

## I.      Legal Standard

Pursuant to Section 406(b), "[w]henever a court renders a judgment favorable to a [social security] claimant, . . . the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). When contemplating a fee motion under Section 406(b), the court must first look to the contingency fee agreement and then test for reasonableness. *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009). To determine reasonableness, the Court may consider "(1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases." *Barry H. v. Kijakazi*, No. 3:19-cv-2446-AGS, 2023 WL 5985501, at *1 (S.D. Cal., Sept. 13, 2023) (quoting *Avina v. Saul*, No. 18-cv-1728-W-MSB, 2021 WL 2662309, at *1 (S.D. Cal. June 29, 2021)). The court should also consider whether inferior representation justifies an award of less than 25% such as "any delay in

the proceedings attributable to the attorney requesting the fee; whether the benefits of the representation are out of proportion to time spent on the case; and the risk counsel assumed by accepting the case." *Bartle v. Kijakazi*, No. 20-cv-1431-CAB-MSB, 2023 WL 5811845, at *1–2 (S.D. Cal., Sept. 7, 2023) (citing *Crawford*, 586 F.3d at 1151–52) (citing *Gisbrecht*, 535 U.S. at 789).

When an attorney receives EAJA fees and 406(b) fees for the same work, he or she must refund the smaller award to his or her client. *See Gisbrecht*, 535 U.S. at 789.

**II.     Analysis**

The Court finds that Plaintiff's fee request of $10,000 is reasonable. On May 28, 2021, Plaintiff entered into a Social Security Representation Agreement with counsel wherein he agreed that the fee for the successful prosecution the matter would be 25% of the past due benefits awarded. ECF No. 27-1. Accordingly, the contingency fee agreement is within the statutory ceiling. *See* 42 U.S.C. § 406(b)(1)(A). Because there is no evidence of "fraud or overreaching" in the negotiation of the Representation Agreement and because the fee agreement is within the statutory ceiling, the Court looks to the character of the representation and the results achieved to determine reasonableness. *Crawford*, 586 F.3d at 1145; *see also Gisbrecht*, 535 U.S. at 808.

Plaintiff's counsel did not render substandard representation or delay litigation. *See Crawford*, 586 F.3d at 1151–52. Indeed, counsel obtained a favorable decision for his client and has been deemed entitled to receive $85,757.00 in past due benefits. ECF Nos. 24-2, 24-3.

Plaintiff's counsel spent a reasonable amount of time – 6.9 hours of supervised attorney time working on this matter to achieve a successful result. Counsel has submitted a detailed billing statement in support of the requested fee that the Court has reviewed. ECF No. 27-4. There is nothing in the billing statement showing "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151–52.

The Court notes that counsel's de facto hourly rate of $1,449.27 is on the higher end, however, several cases have found rates of $1300 - $1600 to be appropriate. *See, e.g.*, *Roland S. v. Kijakazi*, No. 3:20-cv-01068-AHG, 2023 WL 6966153, at *3 (S.D. Cal., Oct. 20, 2023) ("The de facto hourly rate is thus $1,438.35, which—although high, as discussed in further detail

below—is in line with hourly rates approved by courts in similar cases, including in this district.").There is also no evidence or indication that Plaintiff's counsel's work was inferior, that he engaged in dilatory conduct, or that he delayed the proceedings to potentially incur more fees. Accordingly, none of the factors the Court considers for reasonableness favor reducing the fee award.

### III.    Conclusion

Plaintiff's counsel successfully accomplished a remand and an order for retroactive benefits of $85,757.00 for his client and seeks $10,000 in fees, which is less than 25% of past-due benefits. Accordingly, the Court grants Plaintiff's motion for fees pursuant to 42 U.S.C. § 406(b). The Court awards Mark Kalagian attorney fees in the amount of $10,000.00. The Court orders Mark Kalagian to reimburse Plaintiff the amount of $1,500.00 for EAJA fees previously received.

DATED: April 2, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE